**ATTENTION: CCEmail of SOP Process received in NORTH DAKOTA (OurTransmittal #538723927)**

SOPDelivery@wolterskluwer.com <SOPDelivery@wolterskluwer.com>

Thu 12/10/2020 2:22 PM

**To:** Margaret Mauti <margaret.mauti@daesung-mandaree.com>

# NATIONAL REGISTERED AGENTS, INC.

**SOP Process
538723927 received
in North Dakota**

### Service of Process Summary Transmittal Form

**To:**
Margaret Mauti
Mandaree Enterprises,
LLC
2525 S Telegraph Rd Ste
306
Bloomfield
Hills, MI 48302-0289

| | |
|---|---|
| **1) Entity Served:** | Sinew Management Group, LLC  (Domestic State: DELAWARE) |
| **1a) Domestic State:** | DELAWARE |
| **2) Title Of Action:** | MEGAN VOEKS, Pltf. vs. SINEW MANAGEMENT GROUP, LLC, etc., Dft. |
| **3) Document(s) Served:** | Other: - |
| **4) Court of Jurisdiction:** | None Specified |
| **5) Case Number:** | 2020CV006288 |
| **6) Amount Claimed:** | |
| **7) Method of Service:** | Delivered Via: Process Server |
| **8) Date/Time of Receipt:** | 12/10/2020 12:53:00 PM |
| **9) Appearance/Answer Date:** | None Specified |
| **10) Received From:** | None Specified |
| **11) Carrier Airbill:** | |
| **12) Calls Made To:** | Not required |
| **13) Special Comments:** | NRAI has retained the current log, Retain Date: 12/10/2020, Expected Purge Date: 01/09/2021 Image SOP Email Notification,  Margaret Mauti  margaret.mauti@daesung-mandaree.com |
| **14) Transmitted By:** | Amy McLaren |

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# NATIONAL REGISTERED AGENTS, INC.
## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Margaret Mauti
Mandaree Enterprises, LLC
2525 S Telegraph Rd Ste 306
Bloomfield Hills, MI 48302-0289

SOP Transmittal # 538723927

Entity Served: Sinew Management Group, LLC (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of NORTH DAKOTA on this 10 day of December, 2020. The following is a summary of the document(s) received:

1. **Title of Action:** MEGAN VOEKS, Pltf. vs. SINEW MANAGEMENT GROUP, LLC, etc., Dft.

2. **Document(s) Served:** Other: -

3. **Court of Jurisdiction/Case Number:** None Specified
   Case # 2020CV006288

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   _X_ Personally served by:       _X_ Process Server       ___ Law Enforcement       ___ Deputy Sheriff       ___ U. S Marshall

   ___ Delivered Via:              ___ Certified Mail        ___ Regular Mail          ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:** 12/10/2020 12:53:00 PM CST

7. **Appearance/Answer Date:** None Specified

8. **Received From:** None Specified          9. **Carrier Airbill #**

                                              10. **Call Made to:** Not required

11. **Special Comments:**
NRAI has retained the current log, Retain Date: 12/10/2020, Expected Purge Date: 01/09/2021

Image SOP

Email Notification, Margaret Mauti margaret.mauti@daesung-mandaree.com

**Registered Agent: NATIONAL REGISTERED AGENTS, INC**          **CopiesTo:**

866-539-8692 - Telephone
800-888-1300 - Fax

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Transmitted by  Amy McLaren

ORIGINAL

FILED
10-22-2020
John Barrett
Clerk of Circuit Court
2020CV006288
Honorable Timothy
Witkowiak-22
Branch 22

**STATE OF WISCONSIN**         **CIRCUIT COURT**         **MILWAUKEE**

Megan Voeks vs. Sinew Management Group, LLC         **Electronic Filing Notice**

Case No. 2020CV006288
Class Code: Money Judgment

SINEW MANAGEMENT GROUP, LLC
SUITE 111
3949 HIGHWAY 8
NEW TOWN ND 58763

Case number 2020CV006288 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 58b15d**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: October 22, 2020

FILED
10-22-2020
John Barrett
Clerk of Circuit Court
2020CV006288
Honorable Timothy
Witkowiak-22
Branch 22

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |
| --- | --- | --- |

MEGAN VOEKS,
517 E. Rawson Ave.
Oak Creek, WI 53154,

              Plaintiff,

        v.

SINEW MANAGEMENT GROUP, LLC,
d/b/a TWEED LENDING,
d/b/a BICOASTAL FUNDING
3949 Highway 8, Suite 111
New Town, ND 58763-9567,

              Defendant.

**SUMMONS**

Case No.:

Classification Code: 30301

**Jury Trial Demanded**

Amount claimed is greater than the
amount under Wis. Stat. §
799.01(1)(d).

---

THE STATE OF WISCONSIN, To each person named above as a Defendant:

      You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal

action against you. The Complaint, which is attached, states the nature and basis of the legal

action.

      Within forty-five (45) days of receiving this Summons, you must respond with a written

Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint.  The

Court may reject or disregard an Answer that does not follow the requirements of the Statutes.

The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, 901 North

9th Street, Milwaukee, Wisconsin 53223, and to Plaintiffs' attorney, whose address is Ademi

LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may have an attorney help or

represent you.

      If you do not provide an answer within forty-five (45) days, the Court may grant

Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated:   October 22, 2020                              ADEMI LLP

                                                      By:  *Electronically signed by John D. Blythin*
                                                           John D. Blythin (State Bar No. 1046105)
                                                           *Attorney for Plaintiff*

Mailing address:
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Phone No.: 414-482-8000

2

FILED
10-22-2020
John Barrett
Clerk of Circuit Court
2020CV006288
Honorable Timothy
Witkowiak-22
Branch 22

STATE OF WISCONSIN     CIRCUIT COURT     MILWAUKEE COUNTY
CIVIL DIVISION

---

MEGAN VOEKS,
517 E. Rawson Ave.
Oak Creek, WI 53154,

               Plaintiff,

       v.

SINEW MANAGEMENT GROUP, LLC,
d/b/a TWEED LENDING,
d/b/a BICOASTAL FUNDING
3949 Highway 8, Suite 111
New Town, ND 58763-9567,

            Defendant.

:    **COMPLAINT**
:
:    Case No.:_____
:    Classification Code: 30301
:
:
:    **Jury Trial Demanded**
:
:
:

---

COMES NOW Plaintiff Megan Voeks, by Plaintiff's Attorneys, Ademi LLP, and for a cause of action, states as follows:

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis. Stat. § 801.05(3). Defendant's activities were directed at Wisconsin residents in Wisconsin.

3.      Venue in Milwaukee County is proper because the claim arose in Milwaukee County, and Defendant's conduct is in connection with a consumer transaction that occurred in Milwaukee County. Wis. Stat. §§ 801.50; 421.401(1)(a) ("The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county: ... Where the customer resides ....").

## PARTIES

4.       Plaintiff Megan Voeks is an individual who resides in Milwaukee County.

5.       Plaintiff is a "consumer" as defined in the FCRA, 15 U.S.C. § 1681a, in that Plaintiff is a natural person who received a firm offer of credit.

6.       Defendant Sinew Management Group, LLC ("Sinew") is a debt consolidation firm and financial services company doing business as Tweed Lending, Bicoastal Funding, and other trade names. It is a Delaware limited liability company with its principal place of business located at 3949 Highway 8, Suite 111, New Town, North Dakota 58763-9567 (https://firststop.sos.nd.gov/search/business).

7.       Tweed Lending's website (www.tweedlending.com) contains no information other than a picture, an email address, and the text:

Change Your Financial Pattern

Consolidate your credit debt

with a low interest rate loan

8.       Similarly, Bicoastal Funding's website (www.bicoastalfunding.com) contains no information other than a picture, an email address, and the text:

Don't let high interest interfere with your interest.

Your new financial life begins with a low rate debt consolidation loan.

9.       Sinew does substantial business in Wisconsin.

10.     Sinew is a "creditor" as defined in the FCRA, 15 U.S.C. § 1681a, in that Sinew: (i) regularly extends, renews, or continues credit, (ii) regularly arranges for the extension, renewal, or continuation of credit, or (iii) regularly acts as

2

an assignee of an original creditor who participates in the decision to extend, renew, or continue credit.

## FACTS

### *Tweed Solicitation*

11.    In or around the summer of 2020, Sinew mailed Plaintiff a letter, ostensibly from "Tweed Lending." A copy of this letter is attached to this complaint as Exhibit A.

12.    Exhibit A contains the following offer:

**You have been pre-approved** for a Debt Consolidation Loan of up to $50,500 with an Annual Percentage Rate as low as 3.89% . Just compare that bargain rate to the sky-high interest you pay on your credit card balance every month . . . the difference will shock you.

*Plus, you can even borrow an extra $10,000 and still save up to $673 every month!*

| | BALANCE | INTEREST RATE | MONTHLY PAYMENT | MONTHLY SAVINGS | FIRST YEAR SAVINGS |
|---|---|---|---|---|---|
| WHAT YOU HAVE NOW | $40,500 | 19.90% | $891 | NONE | NONE |
| WHAT YOU WILL HAVE AFTER REFINANCING | $50,500 | 3.89% | $218 | $673 | $8,072 |

All you need to do is call Tweed Lending at 1-800-409-5341 today to get started!

13.    Upon information and belief, Exhibit A is a form letter, generated by computer and with information specific to Plaintiff inserted by computer.

14.    Upon information and belief, Exhibit A is a form "firm offer of credit" letter, used by Defendant pursuant to 15 U.S.C. 1681b(c)(1)(B) as a prescreened solicitation.

15.    Exhibit A states the following on the reverse side of the solicitation:

3

**Prescreen and Opt-Out Notice:**

This "prescreened" notice of credit is based on information in your credit report indicating that you meet certain criteria. This notice is not guaranteed if you do not meet acceptable criteria (including providing acceptable property collateral). If you do not want to receive prescreened notices of credit from this and other companies, please call the Federal Trade Commissions Opt-Out number toll-free at 1-888-5OPT-OI (1-888-567-8688). You may also write to your credit bureaus at:

Equifax Options
PO Box 74123
Atlanta, GA 30374-0123;

Transition, Opt-Out Request,
PO Box 505
Woodlyn, PA 19094-0505

Experian Consumer Opt-Out
PO Box 919
Allen TX 75013

Rates, fees and program guidelines are subject to change without notice. Certain restrictions may apply.

16.    The above largely reflects the information required by the long notice pursuant to 15 U.S.C. 1681m(d) and 16 CFR § 642.3(b).

17.    Exhibit A does not contain any notice on the front side of the solicitation.

18.    Pursuant to the FCRA, 15 U.S.C. 1681m(d) and 16 CFR § 642.3(a), in addition to requirement of the long notice on the reverse side of a firm offer of credit, the front side must include a short form notice.

19.    Exhibit A does not include a short form notice on the front or back side.

### *Bicoastal Solicitation*

20.    Also in the summer of 2020, Sinew mailed Plaintiff another letter, ostensibly from Bicoastal Funding.  A copy of this letter is attached to this complaint as Exhibit B.

4

21.    Exhibit B contains the following offer:

## CONGRATULATIONS... You have been pre-approved for a $50,500 Debt Consolidation Loan with a rate as low as 3.98% Call us at 1-800-920-2916 or visit www.bicoastalfunding.com

Dear Megan Voeks,

Today is the day to finally free yourself from high interest debt. You've been pre-approved for a Debt Consolidation Loan up to **$50,500 at a rate as low as 3.98%.** Simply call 1-800-920-2916 to receive a check that you can use to pay off your high interest credit cards in just a few weeks.

As you can see from the example below, Bicoastal Funding can arrange to convert your high interest debt to a low rate Debt Consolidation Loan and save you money – **more than $600** next month – **more than $8,000** this year and tens of thousands over the life of your loan!

Call us now at **1-800-920-2916** while this rate is still available. Please mention your personal reservation number

(reservation number redacted).

22.    Upon information and belief, Exhibit B is a form letter, generated by computer and with information specific to Plaintiff inserted by computer.

23.    Upon information and belief, Exhibit B is a form "firm offer of credit" letter, used by Defendant pursuant to 15 U.S.C. 1681b(c)(1)(B) as a prescreened solicitation.

24.    Exhibit B states the following on the reverse side of the solicitation:

**Company Information:** This notice and associated materials are provided, managed and originated by Bicoastal Funding who is solely responsible for the content.

**Prescreen and Opt-Out Notice:** This "prescreened" notice of credit is based on information in your credit report indicating that you meet certain criteria. This notice is not guaranteed if you do not meet select criteria.

If you do not want to receive the prescreened notices of credit from this and other companies please call the Federal Trade Commission Opt Out number toll – free at 1-888-5OPT-OUT (1-888-567-8688). You may also write to your credit bureaus at:

Equifax Options, PO Box 74123, Atlanta, GA 30374-0123; TransUnion Opt Out Request, PO Box 505, Woodlyn, PA 19094-0505; Experian Consumer Opt Out, PO Box 919, Allen, TX 75013.

Rates, fees and program guidelines are subject to change without notice. Certain restrictions may apply.

5

25.    The above largely reflects the information required by the long notice pursuant to 15 U.S.C. 1681m(d) and 16 CFR § 642.3(b).

26.    Exhibit B does not contain any notice on the front side of the solicitation.

27.    Pursuant to the FCRA, 15 U.S.C. 1681m(d) and 16 CFR § 642.3(a), in addition to requirement of the long notice on the reverse side of a firm offer of credit, the front side must include a short form notice.

28.    Exhibit B does not include a short form notice on the front or back side.

### *The FCRA*

29.    The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, requires that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of the FCRA.  15 U.S.C. § 1681(b).

30.    15 U.S.C. § 1681e(a) requires that every consumer reporting agency shall maintain reasonable procedures to limit the furnishing of consumer reports to the purposes listed under section 1681b, and requires these procedures to require that prospective users of the consumer's information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose.

31.    15 U.S.C. § 1681b limits the circumstances under which a consumer reporting agency may furnish a consumer report to an enumerated list of "permissible purposes."

32.    15 U.S.C. 1681b(c)(1)(B) provides that a firm offer of credit is a "permissible purpose":

6

(c) Furnishing reports in connection with credit or insurance transactions that are not initiated by consumer

(1) In general A consumer reporting agency may furnish a consumer report relating to any consumer pursuant to subparagraph (A) or (C) of subsection (a)(3) in connection with any credit or insurance transaction that is not initiated by the consumer only if—

(A) the consumer authorizes the agency to provide such report to such person; or

(B)

(i) the transaction consists of a firm offer of credit or insurance;

(ii) the consumer reporting agency has complied with subsection (e);

(iii) there is not in effect an election by the consumer, made in accordance with subsection (e), to have the consumer's name and address excluded from lists of names provided by the agency pursuant to this paragraph; and

(iv) the consumer report does not contain a date of birth that shows that the consumer has not attained the age of 21, or, if the date of birth on the consumer report shows that the consumer has not attained the age of 21, such consumer consents to the consumer reporting agency to such furnishing.

33.    16 CFR § 642.3 states the following requirements in connection with the above

firm offer of credit "permissible purpose":

§ 642.3 Prescreen opt-out notice.

Any person who uses a consumer report on any consumer in connection with any credit or insurance transaction that is not initiated by the consumer, and that is provided to that person under section 604(c)(1)(B) of the FCRA (15 U.S.C. 1681b(c)(1)(B)), shall, with each written solicitation made to the consumer about the transaction, provide the consumer with the following statement, consisting of a short portion and a long portion, which shall be in the same language as the offer of credit or insurance:

(a) Short notice. The short notice shall be a clear and conspicuous, and simple and easy to understand statement as follows:

(1) Content. The short notice shall state that the consumer has the right to opt out of receiving prescreened solicitations, and shall provide the toll-free number the consumer can call to exercise that right. The short notice also shall direct the consumer to the existence and location of the long notice, and shall state the heading for the long notice. The short notice shall not contain any other information.

(2) Form. The short notice shall be:

(i) In a type size that is larger than the type size of the principal text on the same page, but in no event smaller than 12-point type, or if provided by electronic means, then reasonable steps shall be taken to ensure that the type size is larger than the type size of the principal text on the same page;

(ii) On the front side of the first page of the principal promotional document in the solicitation, or, if provided electronically, on the same page and in close proximity to the principal marketing message;

7

(iii) Located on the page and in a format so that the statement is distinct from other text, such as inside a border; and

(iv) In a type style that is distinct from the principal type style used on the same page, such as bolded, italicized, underlined, and/or in a color that contrasts with the color of the principal text on the page, if the solicitation is in more than one color.

34.     Pursuant to the FCRA, any person who fails to comply with any requirement imposed under the FCRA is liable to that consumer for actual damages and the costs of the action, together with a reasonable attorney's fee as determined by the court, and is further liable for punitive damages in the event that the noncompliance was willful. 15 U.S.C. §§ 1681n; 1681o.

## *The WCA*

35.     The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

36.     The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

37.     To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also*, Wis. Stat. § 425.301.

38.     "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

39.    To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

40.    The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions.   Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See,* Wis. Stats. §§ 426.110(1), 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

41.    Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

42.    Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15.  In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

43.    Wisconsin law prohibits discrimination in the granting or extension of any form of loan or credit, and considers such discrimination *per se* unconscionable under the WCA. Where a loan application is rejected and the reason for the rejection is not indicated in to the applicant in writing, there is a presumption of discrimination.  Wis. Stat. §§ 138.20, 426.108; Wis. Admin. Code §§ DFI-SB 8.05, DFI-SL 8.05, DFI-WCA 1.85.

44.     Wis. Admin. Code § 1.85(4) states:

Each merchant shall within a reasonable time after receiving a credit application notify the customer of the action taken on the application and shall upon request provide a customer whose application has been denied with the reasons for such a denial, including the fact that information supplied by the customer cannot be verified if that is the case. A record of all reasons for denial or a record of the denial form number and each alternative therein applies to the customer along with the credit application and all other related documentation shall be retained by the merchant in reasonable order accessible by reference to the name of the customer, for a period of 15 months from the date of notice of action on each credit application.

45.     The WCA expressly authorizes individual actions by any customer affected by a violation of the WCA, any of the rules promulgated pursuant to the WCA, or the federal consumer credit protection act to bring a civil action on behalf of himself or herself and all persons similarly situated, for actual damages by reason of such conduct or violation. Wis. Stat. § 426.110(1).

## COUNT I – FCRA

46.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

47.     Plaintiff received a firm offer of credit from "Tweed Lending" in the form of Exhibit A.

48.     Plaintiff received a firm offer of credit from "Bicoastal Funding" in the form of Exhibit B.

49.     Sinew sent both Exhibit A and B to Plaintiff.

50.     Neither Exhibit A nor Exhibit B includes the short form notice.

51.     Defendant violated 15 U.S.C. §§ 1681b, 1681n, 1681o, 16 CFR § 642.3.

## COUNT II – WCA

10

52.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

53.     Plaintiff received a firm offer of credit from "Tweed Lending" in the form of Exhibit A.

54.     Plaintiff received a firm offer of credit from "Bicoastal Funding" in the form of Exhibit B.

55.     Sinew sent both Exhibit A and B to Plaintiff.

56.     Neither Exhibit A nor Exhibit B includes the short form notice.

57.     Defendant violated Wis. Stat. §§ 138.20, 426.108; Wis. Admin. Code §§ DFI-SB 8.05, DFI-SL 8.05, DFI-WCA 1.85.

## CLASS ALLEGATIONS

58.     Plaintiff brings this action on behalf of the following class:

> (a) all natural persons in the United States of America, (b) about whom Sinew requested a credit report, (c) in connection with a firm offer of credit from "Tweed Lending" or "Bicoastal Funding," (d) and who received a solicitation in the form of Exhibit A or B to the complaint in this action (e) that was not returned by the postal service.

59.     Plaintiff also brings this action on behalf of a Wisconsin subclass that consists of all members of the class that are natural persons in the State of Wisconsin.

60.     The "Class Period" for the class and subclass dates back to the longest applicable statute of limitations for any claims asserted on behalf of the Class or Subclass from the date this action was commenced and continues through the date this action was commenced.

61.     The Class is so numerous that joinder is impracticable.

62.     Upon information and belief, there are more than 50 members of the Class and Subclass.

11

63.     There are questions of law and fact common to the members of the Class and Subclass, which common questions predominate over any questions that affect only individual class members.

64.     The predominant common questions are whether Defendant complied with federal law.

65.     Plaintiff's claims are typical of the claims of the Class and Subclass members. All are based on the same factual and legal theories.

66.     Plaintiff will fairly and adequately represent the interests of the Class and Subclass members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

67.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

### JURY DEMAND

68.     Plaintiff hereby demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     punitive damages;

(d)     injunctive relief;

(e)     attorneys' fees, litigation expenses and costs of suit; and

(f)     such other or further relief as the Court deems proper.

Dated: October 22, 2020

**ADEMI LLP**

By:    _Electronically signed by John D. Blythin_
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

13

FILED
10-22-2020
John Barrett
Clerk of Circuit Court
2020CV006288
Honorable Timothy
Witkowiak-22

Branch 22

# EXHIBIT A

260087D17

## PAYMENT REDUCTION VOUCHER

**FUNDS DISTRIBUTION DEPARTMENT**

URGENT: **YOU HAVE BEEN PRE-APPROVED** for a Debt Consolidation
Loan in the amount shown on this Payment Reduction Voucher (PRV)
To take advantage of this offer, you must call the priority processing
number soon. THERE IS NO OBLIGATION. CALL NOW!

PAY UP
TO:     **** Fifty Thousand Five Hundred Dollars And No Cents ****

| RESERVATION NUMBER: | TW260087D17 | | ELIGIBLE AMOUNT: | $50,500.00 |

CALL NOW OR APPLY ONLINE TO LOCK IN YOUR RATE!

TO THE
ORDER
OF:     Megan Voeks          356 116913
        517 E Rawson Ave
        Oak Creek, WI 53154-1509

**1-800-409-5341**
TweedLending.com

*B. Gallagher*

AUTHORIZED SIGNATURE            THIS IS NOT A CHECK

JBV2.1 - 15418                                              SWCV-TWv1



T W E E D
# LENDING

PERSONAL RESERVATION NUMBER
TW260087D17

Dear Megan Voeks:

Right now you may be buried under a mountain of high-interest credit card debt and crushing monthly payments. But I can help you fix that once and for all.

**You have been pre-approved** for a Debt Consolidation Loan of up to $50,500 with an Annual Percentage Rate as low as 3.89% . Just compare that bargain rate to the sky-high interest you pay on your credit card balance every month . . . the difference will shock you.

*Plus, you can even borrow an extra $10,000 and still save up to $673 every month!*

| | BALANCE | INTEREST RATE | MONTHLY PAYMENT | MONTHLY SAVINGS | FIRST YEAR SAVINGS |
|---|---|---|---|---|---|
| **WHAT YOU HAVE NOW** | $40,500 | 19.90% | $891 | NONE | NONE |
| **WHAT YOU WILL HAVE AFTER REFINANCING** | $50,500 | 3.89% | $218 | $673 | $8,072 |

All you need to do is call Tweed Lending at 1-800-409-5341 today to get started!

With this one easy step, you can take control of your finances and save **$8,000 in the first year alone.** And you'll save tens of thousands of dollars over the life of your loan — that's money that goes to you, not to the credit card companies!

Think what you can do with the money you save . . . pay college tuition, replace an old car, remodel the kitchen, save for retirement . . . it's up to you . . . **but this is real money that adds up to BIG savings.**

Remember, every day you wait is another day that credit card companies collect more interest charges. **Why not put that money in your pocket instead?** Apply online at TweedLending.com or call 1-800-409-5341 and mention Personal Reservation Number TW260087D17 to get started.

Sincerely,

*B. Gallagher*

B. Gallagher
President, Tweed Lending

**1-800-409-5341**
TweedLending.com

P.S. Your pre-approval status is only good for a limited time and this is your best opportunity to lock in a rate as low as 3.89% so don't wait to start your savings — call today!

**Company Information:**
This notice and associated materials are provided, managed and originated by Tweed Lending who is solely responsible for the content.

**Prescreen and Opt-Out Notice:**
This "prescreened" notice of credit is based on information in your credit report indicating that you meet certain criteria. This notice is not guaranteed if you do not meet acceptable criteria (including providing acceptable property collateral). If you do not want to receive prescreened notices of credit from this and other companies, please call the Federal Trade Commissions Opt-Out number toll-free at 1-888-5OPT-OUT (1-888-567-8688). You may also write to your credit bureaus at:

Equifax Options
PO Box 74123
Atlanta, GA 30374-0123;

Transition, Opt-Out Request,
PO Box 505
Woodlyn, PA 19094-0505

Experian Consumer Opt-Out
PO Box 919
Allen TX 75013

Rates, fees and program guidelines are subject to change without notice. Certain restrictions may apply.

FILED
10-22-2020
John Barrett
Clerk of Circuit Court
2020CV006288
Honorable Timothy
Witkowiak-22

Branch 22

# Exhibit B

## CONGRATULATIONS… You have been pre-approved for a $50,500 Debt Consolidation Loan with a rate as low as 3.98% Call us at 1-800-920-2916 or visit www.bicoastalfunding.com

Dear Megan Voeks,

Today is the day to finally free yourself from high interest debt. You've been pre-approved for a Debt Consolidation Loan up to **$50,500 at a rate as low as 3.98%**. Simply call 1-800-920-2916 to receive a check that you can use to pay off your high interest credit cards in just a few weeks.

As you can see from the example below, Bicoastal Funding can arrange to convert your high interest debt to a low rate Debt Consolidation Loan and save you money – **more than $600 next month – more than $8,000** this year and tens of thousands over the life of your loan!

Call us now at **1-800-920-2916** while this rate is still available. Please mention your personal reservation number **BC259118488.**

To your financial well-being,

*E.Kaplan*

E.Kaplan
Marketing Director, Bicoastal Funding

See back for additional information

### SEE HOW MUCH YOU CAN SAVE

| CURRENT | | NEW | |
|---|---|---|---|
| | | You qualify for an added | $10,000 |
| Credit Card Balance | $40,500 | Consolidation Loan | $50,500 |
| Average Interest Rate | 19.90% | Average Interest Rate | 3.98% |
| Existing Minimum Payment | $891 | New Minimum Payment | $218 |
| **First-Month Savings $673** | | **First-Year Savings $8,072** | |



## Call 1-800-920-2916 or visit www.bicoastalfunding.com

**DOCUMENT HAS A COLORED BACKGROUND. SECURITY FEATURES LISTED ON BACK.**

### FUNDS DISTRIBUTION CENTER

Number: 259118488

$50,500.00

PAY UP TO: Fifty Thousand Five Hundred Dollars And No Cents**********

| TO THE ORDER OF | Megan Voeks |
|---|---|
| | 517 E Rawson Ave |
| | Oak Creek, WI 53154-1509 |

*Alan Marks*

AUTHORIZED SIGNATURE

JVv3~15380~6864

THIS IS NOT A CHECK.

## CONSOLIDATE TODAY AND SAVE. CALL 1-800-920-2916



2525 SOUTH TELEGRAPH ROAD
SUITE 306
BLOOMFIELD HILLS, MI 48302

To be opened only by addressee. DO NOT DISCARD.

**Company Information:** This notice and associated materials are provided, managed and originated by Bicoastal Funding who is solely responsible for the content.

**Prescreen and Opt-Out Notice:** This "prescreened" notice of credit is based on information in your credit report indicating that you meet certain criteria. This notice is not guaranteed if you do not meet select criteria.

If you do not want to receive the prescreened notices of credit from this and other companies please call the Federal Trade Commission Opt Out number toll – free at 1-888-5OPT-OUT (1-888-567-8688). You may also write to your credit bureaus at:

Equifax Options, PO Box 74123, Atlanta, GA 30374-0123; TransUnion Opt Out Request, PO Box 505, Woodlyn, PA 19094-0505; Experian Consumer Opt Out, PO Box 919, Allen, TX 75013.

Rates, fees and program guidelines are subject to change without notice. Certain restrictions may apply.

PRST STD
U.S. POSTAGE
PAID
SACRAMENTO, CA
PERMIT NO. 1908

